1  JOHNSON & PHAM, LLP
2  Christopher D. Johnson, SBN: 222698
       E-mail: cjohnson@johnsonpham.com
3  Christopher Q. Pham, SBN: 206697
       E-mail: cpham@johnsonpham.com
4  Marcus F. Chaney, SBN: 245227
       E-mail: mchaney@johnsonpham.com
5
6  Jason Vener, SBN: 267941
       E-mail: jvener@johnsonpham.com
7  6355 Topanga Canyon Boulevard, Suite 115
8  Woodland Hills, California  91367
   Telephone:  (818) 888-7540
9  Facsimile:  (818) 888-7544

10
11 Attorneys for Plaintiff
   MONSTER CABLE PRODUCTS, INC.
12

13                UNITED STATES DISTRICT COURT
14
15              CENTRAL DISTRICT OF CALIFORNIA

16
17 MONSTER CABLE PRODUCTS, INC.      Case No. CV10 10010 DSF (MANx
   a California Corporation,
18
19       Plaintiff,                   COMPLAINT FOR DAMAGES
                                      AND DECLARATORY RELIEF:
20       vs.
                                      (1) FEDERAL TRADEMARK
21 WIREOVIA, LLC, a Alaska Limited        INFRINGEMENT [15 *U.S.C.* §
22 Liability Company; DMITRY              1114/*Lanham Act* §43(a)]
   KUDRYN, an Individual; and Does 1-10,
23 Inclusive,                         (2) FALSE DESIGNATION OF
                                          ORIGIN/UNFAIR
24                                        COMPETITION/FALSE OR
         Defendants                       MISLEADING ADVERTISING
25                                        [15 *U.S.C.* §1125(a)];
26                                    (3) TRADEMARK DILUTION [15
                                          *U.S.C.* §1125(c)];
27
28                                    (4) UNFAIR BUSINESS
                                          PRACTICES [*CALIFORNIA*

                          - 1 -
                  COMPLAINT FOR DAMAGES

*BUSINESS & PROFESSIONS CODE* §17200];
**(5) UNJUST ENRICHMENT;**
**(6) DECLARATORY RELIEF;**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff MONSTER CABLE PRODUCTS, INC. (hereinafter "Plaintiff"), hereby alleges as follows:

## PARTIES

1.    Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a California Corporation, duly authorized and licensed to conduct business in the state of California, with its principal place of business in Brisbane, California.

2.    Plaintiff alleges, on information and belief, that WIREOVIA, LLC (hereinafter "WIREOVIA") is now, and was at the time of the filing of this Complaint, a Alaska Limited Liability Company with its principal place of business located at 1830 E. Parks Highway, Ste. A113, #601, Wasilla, AK, 99664.

3.    Plaintiff alleges, on information and belief, that DMITRY KUDRYN (hereinafter "Kudryn") is now, and was at the time of the filing of this Complaint, an Individual, residing at 1001 Wilder Ave., Wasilla, AK 99654.

4.    Defendants WIREOVIA, LLC, and DMITRY KUDRYN, are collectively hereinafter referred to as "Defendant."

5.    Defendant conducts business in the jurisdiction of the United States District Court for the Central District of California by offering counterfeits goods for sale in Los Angeles, California, that infringes on the registered trademarks of Plaintiff.

6.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant herein named as Does 1-10, inclusive, are

- 2 -
**COMPLAINT FOR DAMAGES**

1   unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious
2   names.   When the true names and capacities of said Defendants have been
3   ascertained, Plaintiff will amend this pleading accordingly.

4        7.    Plaintiff is informed and believes that since its creation until now and
5   at all times relevant to this Complaint, Defendant WIREOVIA, was under the de
6   facto and sole control and served as the alter ego of Defendant Kudryn, who was
7   the sole shareholder, officer, director, and registered agent of WIREOVIA.

8        8.    Plaintiff is informed and believes that, at the time of its creation, now,
9   and at all times relevant to this Complaint, Defendant WIREOVIA does not and
10   did not have sufficient funding to assume responsibility for their foreseeable and
11   actual liabilities.

12        9.    Plaintiff is informed and believes that since the time of its creation,
13   now, and all times relevant to this Complaint, there was such a unity of interest
14   and ownership between WIREOVIA and Kudryn that separate personalities of the
15   corporations and the shareholders, including Defendant Kudryn, did not and do
16   not in reality exist.

17        10.    Plaintiff is informed and believes that since the time of their creation,
18   now, and at all times relevant to this Complaint, Defendant Kudryn (i)
19   commingled the funds of WIREOVIA; (ii) failed to segregate the funds
20   WIREOVIA; (iii) treated the assets of WIREOVIA as his own individual assets;
21   (iv) failed to obtain authority to issue stock; (v) held himself out as if he
22   individually was personally liable for the debts of the corporations; and (vi) failed
23   to maintain minutes or adequate corporate records.

24        11.    Plaintiff is informed and believes that since the time of its creation,
25   now, and at all times relevant to this Complaint, Defendant WIREOVIA was
26   undercapitalized.

27   ///

28   ///

- 3 -
**COMPLAINT FOR DAMAGES**

12. Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant WIREOVIA has failed and does fail to observe corporate formalities required by law.

13. Plaintiff is informed and believes that the assets and properties of Defendant WIREOVIA are commingled with the separate assets of Defendant Kudryn, such that there is no distinction between individual and corporate assets.

14. Plaintiff is informed and believes that adherence to the fiction of the separate existence of Defendant WIREOVIA as an entity distinct from Defendant Kudryn, would permit an abuse of corporate privilege and would permit an injustice in that he would succeed in avoiding legally incurred liabilities while maintaining the benefits of the corporations.

15. Plaintiff is informed and believes that the failure to disregard the corporate entity of Defendant WIREOVIA will sanction fraud or promote injustice, because Defendant Kudryn enriched himself by his fraudulent and/or illegal conduct, while Plaintiff suffered enormous financial injury.

16. Plaintiff further alleges that Defendant, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth.

17. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION/VENUE

18. This Court has jurisdiction over the subject matter of the First and Second Causes of Action (violation of the Lanham Act) pursuant to 15 U.S.C. §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

19. This Court has personal jurisdiction over Defendant since Defendant has committed acts of trademark infringement and unfair competition in this district and/or Defendant has sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendant has advertised, offered to sell and has sold products that infringe the trademarks of Plaintiff to consumers within this judicial district. Defendant has also offered to sell and actually sold counterfeit products (described more fully below) using an interactive internet website and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendant, believing that they were authentic goods manufactured and distributed by Plaintiff or its authorized manufacturers.

20. Additionally, supplemental jurisdiction exists over Defendant because on information and belief, Defendant conducts business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

21. Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

## GENERAL ALLEGATIONS

22. Plaintiff is the world's leading manufacturer of high performance cables that connect audio/video components for home, car and professional use as well as computers and computer games. Plaintiff also manufactures best-selling lines of headphones, speakers, and music production components, which are

1    indispensable for music lovers, audiophiles, recording studios, sound professionals,
2    musicians, custom-installers and home theatre enthusiasts. Plaintiff's audio cables,
3    headphones, and speakers increase the clarity, dynamics and power of the audio
4    signals that travel through them.

5        23.    Plaintiff's video cables deliver the sharpest, clearest picture possible
6    with naturally vivid color from traditional and digital television, projectors, home
7    theatre and satellite systems.  Plaintiff's New Product Development division draws
8    upon years of audio design and critical listening experience, to create the
9    innovative, high performance cables, headphones, speakers, and accessories that
10   make Plaintiff the leader in the industry.  Already holding over 200 U.S. and
11   international patents, Plaintiff is continually striving to discover and develop new,
12   advanced technologies and designs to meet the needs of the ever-advancing
13   consumer electronics industry.  Plaintiff offers over 4000 products and is sold in
14   over 80 countries worldwide.

15       24.    Plaintiff has spent substantial time, money and effort in developing
16   consumer recognition and awareness of its marks.  Plaintiff has spent an enormous
17   amount of money on print and internet advertising in order to inform consumers of
18   the benefits Plaintiff's products.  Through the extensive use of the Plaintiff's marks,
19   Plaintiff has built up and developed significant goodwill in its entire product line.
20   A wide array of newspapers, magazines and television networks has included
21   advertising of Plaintiff's products, which are immediately identified by Plaintiff's
22   marks.

23       25.    Plaintiff's product lines are endorsed and/or utilized by international
24   celebrities such as Dr. Dre, Lady Gaga, Justin Bieber, Sean "Diddy" Combs,
25   Vivienne Tam, Lebron James and Miles Davis.

26       26.    Plaintiff is the exclusive owner of federally-registered and
27   Common law trademarks. The following is a partial (non-exhaustive) list of the
28   registered trademarks owned by Plaintiff (the "Marks"):

1    A. MONSTER, registered trademark number 2,184,002, for use on

2 or in connection with electrical and musical signal transmitting cable and

3 connectors.

4    B. M Monster [stylized], registered trademark number 3,671,565,

5 for use on or in connection with electrical and electromagnetic signal transmitting,

6 amplifying, receiving and converting devices, namely, cables, wires, connectors,

7 and control devices for sue with electrical, electronic and computer devices;

8 loudspeakers; stereo amplifiers; recording media, namely, pre-recorded compact

9 discs and DVDs featuring audio and video recordings featuring music and

10 entertainment; telephone accessories, namely telephone cables and connectors,

11 telephone headsets, cases for telephones, telephone chargers and voltage surge

12 protectors; mobile phone equipment and accessories, namely mobile telephone

13 cables, electrical power connectors, mobile telephone chargers, mobile telephone

14 headsets, and cases for mobile telephones; computer components and accessories,

15 namely, computer component cables and connectors; audio equipment and

16 accessories, namely, computer component cables and connectors; audio equipment

17 and accessories, namely audio cables and connectors, signal splitters for electrical

18 audio apparatus, speakers, battery chargers, FM radio transmitters, and remote

19 controls for use with audio and video devices and for use with wireless lighting

20 controllers; video equipment and accessories, namely, video cables and connectors,

21 and voltage surge protectors; electronic game equipment and accessories, namely,

22 electronic game cables and connectors; electrical power control components and

23 accessories, namely, power cables, power switches, capacitors, electrical

24 connectors, electric power strips, voltage surge protectors, power amplifiers, circuit

25 chargers, circuit breakers, and electric control devices for energy management;

26 energy conditioning devices, namely, power line conditioners, voltage conditioners,

27 voltage stabilizer, and power noise reduction devices; power cell rechargers;

28 control protocol software featuring interoperability standards, and computer

1  hardware and electrical controllers, for centralized home control, namely, for
2  controlling residential lighting, audio devices and video devices.

3         C.     [Design Mark] registered trademark number 2,799,884, for use
4  on or in connection with electrical and optical cables, wires and connectors for use
5  with audio and video components.

6         D.     MONSTER [stylized] registered trademark number 2,774,858,
7  for use on or in connection with electrical and optical cables, wires and connectors
8  for use with audio and video components.

9         E.     MONSTER [stylized] registered trademark number 2,724,015,
10  for use on or in connection with electrical cables, connectors and control devices
11  for use with audio and video components;

12         F.     MONSTER CABLE registered trademark number 1,340,229,
13  for use on or in connection with musical and voice signal transmitting cable and
14  connectors;

15         G.     [Design Mark] registered trademark number 3,807,024,
16  consisting of a stylized representation of the letter "M" for use on or in connection
17  with headphones.

18         Attached hereto as Exhibit "A" are true and correct copies of the
19  certificates of registration for each of the Marks that are federally-registered
20  (hereinafter "Plaintiff's Marks).

21     27.    Defendant uses, amongst other things, the Internet auction website
22  known as eBay to sell and distribute products, including counterfeit hard goods
23  bearing Plaintiff's marks, described above, to consumers. At any given time, there
24  are millions of items listed on eBay for bid or purchase by its more than one
25  million registered users. Buyers have the option to purchase items in an auction-
26  style format where users bid on products or items can be purchased at a fixed price
27  through a feature referred to as "Buy It Now." Using another eBay feature referred
28  to as "Feedback," users who have made a purchase on eBay are given the

1  opportunity to post positive, neutral or negative reviews in relation to their buying
2  experience.  While feedback can give some indication of sales volume, empirical
3  evidence shows that actual sales far exceed the number of feedback entries a seller
4  receives.

5      28.    Beginning on a date that is currently unknown to Plaintiff and
6  continuing to the present, Defendant has, without the consent of Plaintiff, offered
7  to sell and sold within the United states (including within this judicial district)
8  goods that were neither made by Plaintiff nor by a manufacturer authorized by
9  Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using
10  reproductions, counterfeits, copies and/or colorable imitations of one or more of
11  the Subject Marks. On information and belief, Plaintiff further alleges that
12  defendant imported said Counterfeit Goods into the United States, or encouraged
13  others to import said Counterfeit Goods into the United States, for the purpose of
14  reselling the Counterfeit Goods in the United States.

15      29.    On December 13, 2010, in its ongoing investigation of counterfeit
16  sales of the Plaintiff's products, Plaintiff purchased a counterfeit "Monster Beats
17  by Dr. Dre" Headphones from Defendant, for a cost of $61.94 charged to the
18  PayPal electronic payment account of Plaintiff's investigator.  The Counterfeit
19  Goods were shipped into Los Angeles, California within this Court's jurisdiction.
20  A true and correct copy of the website purchase receipt is attached hereto as
21  Exhibit "B."

22      30.    The product purchased from Defendant was inspected by Plaintiff in
23  Los Angeles, California to determine authenticity.  Plaintiff's inspection of the
24  purchased item using security measures confirmed that the item defendants sold to
25  the investigator was in fact a counterfeit Monster Beats by Dr. Dre Headphones.

26      31.    Defendant uses images and names confusingly similar or identical to
27  Plaintiff's Marks to confuse consumers and aid in the promotion and sales of its
28  unauthorized and counterfeit product. Defendants' use of Plaintiff's Marks include

1  importing, advertising, displaying, distributing, selling and/or offering to sell
2  unauthorized copies of Plaintiff's Monster Beats by Dr. Dre Headphones.
3  Defendant's use began long after Plaintiff's adoption and use of its trademarks, and
4  after Plaintiff obtained the trademark registrations alleged above. Neither Plaintiff
5  nor any authorized agents have consented to Defendant's use of Plaintiff's Marks.

6      32.    Defendant's actions have confused and deceived, or threatened to
7  confuse and deceive, the consuming public concerning the source and sponsorship
8  of the counterfeit Monster Beats by Dr. Dre Headphones sold and distributed by
9  Defendant. By its wrongful conduct, Defendant has traded upon and diminished
10 Plaintiff's goodwill. Furthermore, the sale and distribution of counterfeit goods by
11 Defendant has infringed upon Plaintiff's federally registered trademarks.

12     33.    Defendant currently has in excess of 50 prior sales on eBay for
13 Monster Beats by Dr. Dre Headphones. The listing information on these auctions
14 is identical with that of the counterfeit Monster Beats by Dr. Dre Headphones
15 purchased from Defendant on December 13, 2010.

16     34.    Defendant's offering to sell, selling, importing and encouraging other
17 to import Counterfeit Goods in this manner was and is likely to cause confusion or
18 to cause mistake and/or to deceive consumers who purchase the Counterfeit Goods.

19     35.    Defendant also offered to sell, sold, imported, and/or encouraged
20 others to import for purpose of resale within the United States Counterfeit Goods
21 consisting of reproductions and/or copies of products bearing Plaintiff's Marks.
22 Defendant's use of such Marks was done without Plaintiff's authorization.

23 ///

24 ///

25 ///

26

27

28

# FIRST CAUSE OF ACTION

(Trademark Infringement Against Defendant WIREOVIA, LLC, Defendant DMITRY KUDRYN, and Does 1-10, Inclusive)

[15 *U.S.C.* §1114/*Lanham Act* §43(a)]

36.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

37.   Defendant's actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a).

38.   As a proximate result of Defendant's trademark infringement, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges on information and belief that, as a proximate result of Defendant's trademark infringement, defendant has unlawfully profited in an amount to be proven at trial.

39.   At all relevant times, Defendant acted intentionally and/or willfully in using the Marks on the Counterfeit Goods, knowing that said Marks belonged to Plaintiff, that the Counterfeit Goods were in fact counterfeit, and that Defendant was not authorized to use said Marks on the Counterfeit Goods. Plaintiff is therefore entitled to recovery of treble damages pursuant to 15 *U.S.C.* §1117(a). Further, Defendant's knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 *U.S.C.* §1117(a).

40.   Defendant's actions also constitute the use by Defendant of one or more "counterfeit mark" as defined in 15 *U.S.C.* §1116(d)(1)(B). Plaintiff therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 *U.S.C.* §1117(c)(1) and/or (2).

///

///

1    41.    The acts of direct and/or contributory trademark infringement

2  committed by Defendant have caused, and will continue to cause, Plaintiff

3  irreparable harm unless they are enjoined by this Court.

4                          **SECOND CAUSE OF ACTION**

5       **(False Designation of Origin, False or Misleading Advertising Against**

6  **Defendant WIREOVIA, LLC, Defendant DMITRY KUDRYN, and Does 1-10,**

7                                      **Inclusive)**

8                              **[15 *U.S.C.* §1125 (a)]**

9    42.    Plaintiff hereby incorporates by reference each of the other allegations

10  set forth elsewhere in this Complaint as thought fully set forth in this cause of

11  action.

12    43.    Defendant's actions as described herein constitute direct and/or

13  contributory violation of 15 *U.S.C.* §1125(a)(1)(A), as such actions are likely to

14  cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,

15  or association of defendant with Plaintiff and/or as to the origin, sponsorship,

16  and/or approval of such Counterfeit Goods by Plaintiff.

17    44.    As a proximate result of Defendant's violation as described herein,

18  Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff

19  alleges on information and belief that, as a proximate result of defendant's direct

20  and/or contributory trademark infringement, Defendant has unlawfully profited, in

21  an amount to be proven at trial.

22    45.    Defendant's acts of violating, directly and/or contributorily, Section

23  1125 have caused, and will continue to cause, Plaintiff irreparable harm unless

24  they are enjoined by this Court.

25  ///

26  ///

27  ///

28

1

## THIRD CAUSE OF ACTION

2

### (Dilution Against Defendant WIREOVIA, LLC, Defendant DMITRY

3

### KUDRYN, and Does 1-10, Inclusive)

4

### [15 U.S.C. §1125(c)]

5     35.    Plaintiff hereby incorporates by reference each of the other
6   allegations set forth elsewhere in this Complaint as though fully set forth in this
7   cause of action.

8     36.    Plaintiff's marks are distinctive and famous within the meaning of the
9   Lanham Act.

10    37.    Upon information and belief, Defendant's unlawful actions began
11   long after Plaintiff's mark became famous, and Defendant acted knowingly,
12   deliberately and willfully with the intent to trade on Plaintiff's reputation and to
13   dilute Plaintiff's mark. Defendant's conduct is willful, wanton and egregious.

14    38.    Defendant's intentional sale of fake, pirated and counterfeit items
15   bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive,
16   mislead, betray, and defraud consumers to believe that the substandard imitations
17   are genuine products manufactured by Plaintiff. The actions of Defendant
18   complained of herein have diluted and will continue to dilute Plaintiff's marks, and
19   are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and
20   injure the business reputation of Plaintiff and its marks.

21    39.    Defendant's acts have caused and will continue to cause Plaintiff
22   irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully
23   for the damages that have been caused and which will continue to be caused by
24   Defendant's unlawful acts, unless they are enjoined by this Court.

25    40.    As the acts alleged herein constitute a willful violation of section
26   43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to
27   injunctive relief as well as monetary damages and other remedies provided by 15

28

1 | U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendant's profits, treble
2 | damages, reasonable attorney's fees, costs and prejudgment interest.

### FOURTH CAUSE OF ACTION

**(Unfair Competition Against Defendant WIREOVIA, LLC, Defendant DMITRY KUDRYN, and Does 1-10, Inclusive)**

**California Bus. & Professional Code §17200 *et seq.***

7 | 41. Plaintiff hereby incorporates by reference each of the other allegations
8 | set forth elsewhere in this Complaint as thought fully set forth in this cause of
9 | action.

10 | 42. Defendant's actions described herein constitute unlawful, unfair
11 | and/or fraudulent business acts or practices. Defendant's actions thus constitute
12 | "unfair competition" pursuant to *California Business & Professionals Code*
13 | §17200.

14 | 43. As a proximate result of Defendant's actions, Plaintiff has suffered an
15 | injury in fact, including without limitation, damages in an amount to be proven at
16 | trial, loss of money or property, and diminution in the value of its trademarks.
17 | Plaintiff therefore has standing to assert this claim pursuant to *California Business*
18 | *& Professions Code* §17204.

19 | 44. Defendant's actions have caused, and will continue to cause Plaintiff
20 | to suffer irreparable harm unless enjoined by this Court pursuant to *California*
21 | *Business & Professions Code* §17203. In addition, Plaintiff requests that the Court
22 | order that Defendant disgorges all profits wrongfully obtained as a result of
23 | Defendant's unfair competition, and order that defendant pay restitution to Plaintiff
24 | in an amount to be proven at trial.

25 | ///
26 | ///
27 | ///
28 |

**FIFTH CAUSE OF ACTION**

**(Unjust Enrichment Against Defendant WIREOVIA, LLC, Defendant**
**DMITRY KUDRYN, and Does 1-10, Inclusive)**

45.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

46.    By virtue of the egregious and illegal acts of Defendant as described above, Plaintiff has been unjustly enriched in an amount to proven at trial.

47.    Defendant's retention of monies gained through its deceptive business practices, infringement, acts of counterfeit and otherwise would serve to unjustly enrich Defendant and would be contrary to the interests of justice.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff hereby respectfully requests the following relief against Defendants WIREOVIA, LLC, Defendant DMITRY KUDRYN, and Does 1-10, inclusive, and each of them as follows:

1. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

2. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

3. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

4. In the alternative to actual damages and Defendant's profits for the infringement and counterfeiting of Plaintiff's trademark pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

5. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

6. For an injunction by this Court prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

7. For an order from the Court requiring that Defendant provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendant complied with their legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff;

9. For damages in an amount to be proven at trial for unjust enrichment;

10. For an award of exemplary or punitive damages in an amount to be determined by the Court;

11. For Plaintiff's reasonable attorney's fees;

12. For all costs of suit;

13. For such other and further relief as the Court may deem just and equitable.

///

///

1

## DEMAND FOR JURY TRIAL

2       Plaintiff MONSTER CABLE PRODUCTS, INC., respectfully demands a

3   trial by jury in this action.

4

5   DATED:  December 29, 2010              JOHNSON & PHAM, LLP

6

7

8                                          By
                                           Christopher D. Johnson, Esq.
9                                          Christopher Q. Pham, Esq.
                                           Marcus F. Chaney, Esq.
10                                         Jason Vener, Esq.
                                           Attorneys for Plaintiff
11                                         MONSTER CABLE PRODUCTS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -
**COMPLAINT FOR DAMAGES**

EXHIBIT A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,184,002

## United States Patent and Trademark Office

Registered Aug. 25, 1998

### TRADEMARK
### PRINCIPAL REGISTER

## MONSTER

MONSTER CABLE PRODUCTS, INC. (CALI-
FORNIA CORPORATION)
274 WATTIS WAY
SOUTH SAN FRANCISCO, CA 940806761

FOR: ELECTRICAL AND MUSICAL SIGNAL
TRANSMITTING CABLE AND CONNECTORS,
IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-18-1978; IN COMMERCE
5-19-1978.

SER. NO. 75-332,159, FILED 7-7-1997.

SHAUNIA WALLACE, EXAMINING ATTOR-
NEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 3,671,565

Registered Aug. 25, 2009

## TRADEMARK
## PRINCIPAL REGISTER

# ◢◢ MONSTER

MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, CONNECTORS, AND CONTROL
DEVICES FOR USE WITH ELECTRICAL, ELECTRO-
NIC, AND COMPUTER DEVICES; LOUDSPEA-
KERS; STEREO AMPLIFIERS; RECORDING
MEDIA, NAMELY, PRE-RECORDED COMPACT
DISCS AND DVDS FEATURING AUDIO AND VI-
DEO RECORDINGS FEATURING MUSIC AND EN-
TERTAINMENT; TELEPHONE ACCESSORIES,
NAMELY, TELEPHONE CABLES AND CONNEC-
TORS, TELEPHONE HEADSETS, CASES FOR TELE-
PHONES, TELEPHONE CHARGERS AND
VOLTAGE SURGE PROTECTORS; MOBILE PHONE
EQUIPMENT AND ACCESSORIES, NAMELY, MO-
BILE TELEPHONE CABLES, ELECTRICAL POWER
CONNECTORS, MOBILE TELEPHONE CHARGERS,
MOBILE TELEPHONE HEADSETS, AND CASES
FOR MOBILE TELEPHONES; COMPUTER COMPO-
NENTS AND ACCESSORIES, NAMELY, COMPU-
TER COMPONENT CABLES AND CONNECTORS;
AUDIO EQUIPMENT AND ACCESSORIES, NAME-
LY, AUDIO CABLES AND CONNECTORS, SIGNAL
SPLITTERS FOR ELECTRICAL AUDIO APPARA-
TUS, SPEAKERS, BATTERY CHARGERS, FM
RADIO TRANSMITTERS, AND REMOTE CON-
TROLS FOR USE WITH AUDIO AND VIDEO DE-
VICES AND FOR USE WITH WIRELESS LIGHTING
CONTROLLERS; VIDEO EQUIPMENT AND ACCES-
SORIES, NAMELY, VIDEO CABLES AND CONNEC-

TORS, AND VOLTAGE SURGE PROTECTORS;
ELECTRONIC GAME EQUIPMENT AND ACCES-
SORIES, NAMELY, ELECTRONIC GAME CABLES
AND CONNECTORS; ELECTRICAL POWER CON-
TROL COMPONENTS AND ACCESSORIES, NAME-
LY, POWER CABLES, POWER SWITCHES,
CAPACITORS, ELECTRICAL CONNECTORS, ELEC-
TRIC POWER STRIPS, VOLTAGE SURGE PROTEC-
TORS, POWER AMPLIFIERS, CIRCUIT
CHARGERS, CIRCUIT BREAKERS, AND ELEC-
TRIC CONTROL DEVICES FOR ENERGY MAN-
AGEMENT; ENERGY CONDITIONING DEVICES,
NAMELY, POWER LINE CONDITIONERS, VOL-
TAGE CONDITIONERS, VOLTAGE STABILIZERS,
CURRENT STABILIZERS, AND POWER NOISE RE-
DUCTION DEVICES; POWER CELL RECHARGERS;
CONTROL PROTOCOL SOFTWARE FEATURING
INTEROPERABILITY STANDARDS, AND COMPU-
TER HARDWARE AND ELECTRICAL CONTROL-
LERS, FOR CENTRALIZED HOME CONTROL,
NAMELY, FOR CONTROLLING RESIDENTIAL
LIGHTING, AUDIO DEVICES AND VIDEO DEVI-
CES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-15-2002; IN COMMERCE 5-15-2002.

OWNER OF U.S. REG. NOS. 1,336,372, 2,724,015
AND OTHERS.

THE MARK CONSISTS OF A STYLIZED LETTER
"M" FOLLOWED BY THE WORD "MONSTER".

SER. NO. 77-394,667, FILED 2-12-2008.

ANDREW RHIM, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 2,799,884
Registered Dec. 30, 2003

TRADEMARK
PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 94005

FOR: ELECTRICAL AND OPTICAL CABLES,
WIRES AND CONNECTORS FOR USE WITH
AUDIO AND VIDEO COMPONENTS, IN CLASS 9
(U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-15-2002; IN COMMERCE 5-15-2002.

SER. NO. 76-440,660, FILED 8-15-2002.

G. T. GLYNN, EXAMINING ATTORNEY.

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 2,774,858
Registered Oct. 21, 2003

TRADEMARK
PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 94005

· FOR: ELECTRICAL AND OPTICAL CABLES,
WIRES AND CONNECTORS FOR USE WITH
AUDIO AND VIDEO COMPONENTS, IN CLASS 9
(U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-31-1998; IN COMMERCE 12-31-1998.

OWNER OF U.S. REG. NOS. 2,606,971 AND
2,737,745.

SER. NO. 76-422,059, FILED 6-17-2002.

G. T. GLYNN, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**Reg. No. 2,724,015**

United States Patent and Trademark Office    Registered June 10, 2003

TRADEMARK
PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 94005

FOR: ELECTRICAL CABLES, CONNECTORS
AND CONTROL DEVICES FOR USE WITH AUDIO

AND VIDEO COMPONENTS, IN CLASS 9 (U.S. CLS.
21, 23, 26, 36 AND 38).

FIRST USE 3-14-2002; IN COMMERCE 3-14-2002.

SER. NO. 76-440,986. FILED 8-16-2002.

G. T. GLYNN, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21 and 36

Reg. No. 1,340,229

United States Patent and Trademark Office    Registered June 11, 1985

## TRADEMARK
### PRINCIPAL REGISTER

## MONSTER CABLE

MONSTER CABLE PRODUCTS, INC. (CALI-
FORNIA CORPORATION)
101 TOWNSEND STREET
SAN FRANCISCO, CA 94107

FOR: MUSICAL AND VOICE SIGNAL
TRANSMITTING CABLE AND CONNECTORS
THEREFOR, IN CLASS 9 (U.S. CLS. 21 AND 36).
FIRST USE 5-18-1978; IN COMMERCE
5-18-1978.

OWNER OF U.S. REG. NO. 1,144,700.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "CABLE", APART FROM THE
MARK AS SHOWN.

SER. NO. 465,419, FILED 2-13-1984.

J. TINGLEY, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



Reg. No. 3,807,024

Registered June 22, 2010

Int. Cl.: 9

TRADEMARK

PRINCIPAL REGISTER

MONSTER CABLE PRODUCTS, INC. (CALIFORNIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 94005

FOR: HEADPHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-16-2008; IN COMMERCE 12-16-2008.

THE MARK CONSISTS OF A STYLIZED REPRESENTATION OF THE LETTER "M".

SER. NO. 77-889,118, FILED 12-8-2009.

CAROLYN CATALDO, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

FOR HOME

EXHIBIT B



JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
Christopher Q. Pham, SBN: 206697
6355 Topanga Canyon Blvd., Suite 115
Woodland Hills, CA 91367
Tel. No.: (818) 888-7540; Fax: (818) 888-7544

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC., a California Corporation<br><br>PLAINTIFF(S)<br>v.<br><br>WIREOVIA, LLC, an Alaska Limited Liability Company; DMITRY KUDRYN, an Individual; and Does 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10-10010 DSF (MANx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): WIREOVIA, LLC, an Alaska Limited Liability Company; DMITRY KUDRYN, an Individual; and Does 1-10, Inclusive,

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Christopher Q. Pham, Esq. _____, whose address is 6355 Topanga Canyon Blvd., Suite 115, Woodland Hills, CA 91367 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 12/29/10

By: C. Powers
Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                  SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 10010 DSF (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MONSTER CABLE PRODUCTS, INC. a California Corporation,

**DEFENDANTS**
WIREOVIA, LLC, a Alaska Limited Liability Company; DMITRY KUDRYN, an Individual; and Does 1-10, Inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

JOHNSON & PHAM, LLP
6355 Topanga Canyon Boulevard, Suite 115, Woodland Hills, California  91367
Tel. No.: (818) 888-7540 Fax: (818) 888-7544

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____   CV10 10010

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Matanuska-Susitna Borough, Alaska |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____         Date   12/29/10

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |