JS 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WIREOVIA, LLC, an Alaska Limited Liability Company; DMITRY KUDRYN, an Individual; et al.,<br><br>Defendants. | Case No.: CV10-10010 DSF (MANx)<br><br>**FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANT WIREOVIA, LLC** |

The Court, pursuant to the Stipulation For Entry of Final Judgment, Including Permanent Injunction ("Stipulation"), between Plaintiff MONSTER CABLE PRODUCTS, INC. ("Plaintiff") on the one hand, and Defendant WIREOVIA, LLC ("Defendant"), on the other, hereby ORDERS, ADJUDICATES and DECREES that final judgment, including permanent injunction, shall be and hereby is entered on the Complaint in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendant and any person or entity acting in concert with, or at the direction of it, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which it may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's Monster® trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Monster® trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

   b. performing or allowing others employed by or representing it, or under its control, to perform any act or thing which is likely to injure Plaintiff, any Plaintiff's Monster® trademarks, and/or Plaintiff's business reputation or goodwill;

   c. engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act

which would tend damage or injure Plaintiff; and/or

        d.    using any Internet domain name or website that includes any Plaintiff's trademarks, including the Monster® Beats® marks.

2. Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit Monster® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in its possession or under its control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

3. This Final Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

5. Plaintiff is entitled to recover and Defendant shall pay to Plaintiff the sum of Three Hundred Thousand Dollars ($300,000.00) on Plaintiff's Complaint for Damages and Declaratory Relief.

6. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Final Judgment, Including Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Final Judgment, Including Permanent Injunction, and the Permanent Injunction herein.

///

///

///

7. **NO FEES AND COSTS.** Each party shall bear its own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 7th day of July, 2011.

*Dale S. Fischer*

_____
HON. DALE S. FISCHER
United States District Judge